**IT IS ORDERED**

**Date Entered on Docket: June 1, 2018**

_____

**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
JUNE K. VALDEZ

Case No. 7-18-10642-TL

Debtor.

## DEFAULT ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY TO LOCATED AT 1522 ALASKA ALAMOGORDO, NEW MEXICO 888310

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to, filed on April 24, 2018, (DOC 16) (the "Motion") by U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-3 ("U.S. Bank"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On April 24, 2018, U.S. Bank served the Motion and a notice of the Motion (the "Notice") on R Trey Arvizu III, Attorney for Debtor and Philip J. Montoya, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor June K. Valdez, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property located at 1522 Alaska Alamogordo, New Mexico 888310, more fully described as:

> The South 50 feet of Lot 8, Block 90 of Estelle Smith Resubdivision of Block 99 and Block 90, of the City of Alamogordo, Otero County, New Mexico, and the South 50 feet of that certain strip of land lying between Lot 8 and the alley of the Estelle Smith Resubdivision of Block 90 and Block 99, of the City of Alamogordo, Otero County, New Mexico.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on May 18, 2018;

(f) As of May 25, 2018, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for U.S. Bank certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), U.S. Bank and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

   (a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other

agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

   (b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

  2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, U.S. Bank need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

  3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered. The Debtor can be named as a defendant in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

  4. This Order does not waive U.S. Bank's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. U.S. Bank may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

  5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

  6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

  7. U.S. Bank is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor. XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:
ROSE L. BRAND & ASSOCIATES, P.C.

By: */s/Andrew P. Yarrington*
ANDREW YARRINGTON
Attorney for U.S. Bank
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

June K. Valdez
Debtor
1826 Lamar Circle
Alamogordo, NM 88310

R Trey Arvizu III
Attorney for Debtor
P.O. Box 1479
Las Cruces, NM 88004-1479
Telephone: 575-527-8600
trey@arvizulaw.com


Philip J. Montoya
Chapter 7 Trustee
1122 Central Ave SW Ste #3
Albuquerque, NM 87102
Telephone: (505) 244-1152